PERSONALLY SERVED

FILED
MINNEAPOLIS, MINN
14 AUG 26 AM 10:50
CITY CLERK
DEPARTMENT

STATE OF MINNESOTA                                          DISTRICT COURT

COUNTY OF HENNEPIN                                     FOURTH JUDICIAL DISTRICT

David J. Zehringer,

    Plaintiff,                                         **SUMMONS**

vs.                                                     Court File No:

City of Minneapolis; and Officer Sean                   Case Type: Other
McTaggart, Officer Robert Thunder,
Officer Joshua Federly, and Officer Michael             Judge:
Gustafson, in their individual and official
capacities,

    Defendants.

---

**THIS SUMMONS IS DIRECTED TO:**
    The City of Minneapolis;
    Minneapolis Office of the City Clerk; and
    Betsy Hodges, Mayor of the City of Minneapolis.

**1. YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

**2. YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

    The Law Office of Zorislav R. Leyderman
    222 South 9th Street, Suite 1600
    Minneapolis, MN 55402

**3. YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiffs' Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiffs should not be given everything asked for in the Complaint, you must say so in your Answer.

1



**4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiffs everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

THE LAW OFFICE OF ZORISLAV R. LEYDERMAN

Dated: <u>August 21, 2014</u>       By: <u>s/ Zorislav R. Leyderman</u>
                                   ZORISLAV R. LEYDERMAN
                                   Attorney License No. 0391286
                                   Attorney for Plaintiff
                                   The Law Office of Zorislav R. Leyderman
                                   222 South 9th Street, Suite 1600
                                   Minneapolis, MN 55402
                                   Tel: (612) 876-6626
                                   Email: zrl@ZRLlaw.com

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| David J. Zehringer, | |
| Plaintiff, | COMPLAINT WITH JURY DEMAND |
| vs. | |
| City of Minneapolis; and Officer Sean McTaggart, Officer Robert Thunder, Officer Joshua Federly, and Officer Michael Gustafson, in their individual and official capacities, | Court File No: <br><br> Case Type: Other <br><br> Judge: |
| Defendants. | |

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First and Fourth Amendments to the United States Constitution against the City of Minneapolis and Officers McTaggart, Thunder, Federly, and Gustafson, in their individual and official capacities.

2. It is alleged that the Defendants retaliated against Plaintiff for exercising his First Amendment rights and made an unreasonable seizure of Plaintiff's person, violating his rights under the Fourth Amendment to the United States Constitution.

## VENUE

3. Venue is proper in this Court pursuant to Minn. Stat. §§ 542.03 and 532.09, in that this cause of action arose in Hennepin County, MN.

1

## PARTIES

4. Plaintiff David Zehringer was at all material times a resident of the State of Minnesota and of full age.

5. Defendant Police Officers McTaggart, Thunder, Federly, and Gustafson were at all times relevant to this complaint duly appointed and acting officers of the police department of the City of Minneapolis, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota and/or the City of Minneapolis.

6. The City of Minneapolis, Minnesota, is a municipal corporation and the public employer of the Defendant Officers.

## FACTS

7. On the evening of November 16, 2013, Plaintiff David Zehringer was at his home in North Minneapolis sleeping. At approximately 10:15 p.m., Mr. Zehringer received a phone call from his sister, who lives upstairs, reporting some commotion outside.

8. Mr. Zehringer got out of bed, opened the entry door to his apartment, and looked outside to see what was going on. Mr. Zehringer resides in the basement level of a triplex, which is below ground and accessible through a stairway leading to the backyard of the triplex. Mr. Zehringer was barefoot and wearing only his pajamas.

9. When Mr. Zehringer looked outside, he saw the Defendant Officers in his backyard. Mr. Zehringer also saw that the fence protecting his backyard had been damaged and broken and Mr. Zehringer assumed that the Defendant Officers or someone they were chasing had broken his fence.

10. Next, Mr. Zehringer and Defendant Officer McTaggart engaged in a brief conversation. During this conversation, Mr. Zehringer complained to the Defendant Officers for breaking his fence and wanted to know who would pay for the fence. Mr. Zehringer also criticized the Defendant Officers for entering his backyard at night unannounced for no apparent reason and for damaging the fence instead of entering the property from the front. Defendant Officer McTaggart told Mr. Zehringer that the Officers were investigating a disturbance, and Mr. Zehringer explained that he was not involved in the disturbance and that the man and woman who were involved in the disturbance had left the residence quite some time ago. Officer McTaggart also told Mr. Zehringer that the City would pay for the damage to his fence and requested that Mr. Zehringer provide his identification for the property damage report. During this conversation, Mr. Zehringer was standing next to the entry door into his apartment at the bottom of the stairwell, and Officer McTaggart was standing at the top of the stairwell, on the side of the landing, looking down. Defendant Officers Thunder, Federly, and Gustafson were also at the top of the stairwell, a short distance behind Officer McTaggart.

11. Mr. Zehringer has a physical disability which causes pain while standing and difficulty walking. At the time of the subject incident, it was dark outside, the weather was cold, and the ground was wet and turning icy. Mr. Zehringer was also barefoot and wearing only his pajamas. Based on these factors, Mr. Zehringer invited the Defendant Officers into his apartment to review his identification and obtain whatever other information the Officers needed to draft their property damage report. Officer McTaggart refused to enter the apartment and ordered Mr. Zehringer to bring his identification up the stairs to the Officers. Mr. Zehringer invited Officer McTaggart inside several more times, but Officer McTaggart

3

continued to refuse and continued to order Mr. Zehringer to get his identification and bring it up the stairs.

12. Mr. Zehringer, following Officer McTaggart's orders, went inside his apartment, retrieved his identification, exited his apartment, and once again asked Officer McTaggart to come down to get it. Officer McTaggart once again refused, at which point Mr. Zehringer proceeded up the stairs towards the Defendant Officers with his identification. While walking up the stairs, Mr. Zehringer walked in a normal and safe pace, did not threaten the Officers in any way, and did make any aggressive movements. Furthermore, Mr. Zehringer was following Officer McTaggart's instructions and was not interfering with or obstructing the officers in any way. Mr. Zehringer did not exhibit any behavior indicative of violence as he proceeded up the stairs. Mr. Zehringer was also still barefoot and dressed only in his pajamas.

13. Before Mr. Zehringer was able to reach the top of the stairway, Officer McTaggart stepped in front of Mr. Zehringer, grabbed Mr. Zehringer by his hair, pulled Mr. Zehringer forward, kneed him in the chest, punched Mr. Zehringer in the face with a closed fist, threw Mr. Zehringer to the ground, and yelled out, "Fourth Degree Assault!" Mr. Zehringer did not assault or threaten Officer McTaggart or anyone else prior to Officer McTaggart's use of force. While Officer McTaggart was assaulting Mr. Zehringer from the front, Defendant Officer Thunder attacked and assaulted Mr. Zehringer from the back.

14. Immediately after Mr. Zehringer fell to the ground, all four Defendant Officers attacked, punched, and kicked Mr. Zehringer while he was on the ground. Mr. Zehringer offered no resistance whatsoever before or after falling to the ground and did not attempt to fight or

escape from the Defendant Officers in any way. Mr. Zehringer also did not threaten the officers while on the ground.

15. After the Defendant Officers completed their unnecessary beating of Mr. Zehringer, they handcuffed him and brought him to the ground. Next, even though Mr. Zehringer committed no crimes and the Defendant Officers had no probable cause or reasonable suspicion to believe that Mr. Zehringer was engaged in criminal activities, the Defendant Officers arrested Mr. Zehringer and had him booked into the Hennepin County Jail.

16. As a result of the Defendants' actions, Mr. Zehringer suffered physical pain and discomfort during and after the incident.

17. As a result of the Defendants' actions, Mr. Zehringer suffered cuts, bruises, and swelling over his body, including his face.

18. As a result of the Defendants' actions, Mr. Zehringer suffered emotional trauma and distress, shame, humiliation, embarrassment, fear, insecurity, stress, and diminished quality and enjoyment of life.

19. As a result of the Defendants' actions, Mr. Zehringer was unlawfully arrested and suffered loss of freedom and liberty.

20. As a result of the Defendants' actions, Mr. Zehringer required medical treatment and has incurred medical expenses.

24. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

## COUNT 2: 42 U.S.C. § 1983 – FOURTH AMENDMENT UNREASONABLE SEIZURE AND EXCESSIVE FORCE AGAINST INDIVIDUAL DEFENDANTS

25. Paragraphs 1 through 21 are incorporated herein by reference as though fully set forth.

26. Based on the above factual allegations, the Defendant Officers, through their actions, acting under the color of state law, violated Plaintiff's constitutional right to remain free from unreasonable seizures and use of excessive force under the Fourth Amendment to the United States Constitution when they assaulted Plaintiff without justification.

27. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

## COUNT 3: 42 U.S.C. § 1983 – FOURTH AMENDMENT UNREASONABLE SEIZURE AND FALSE ARREST AGAINST INDIVIDUAL DEFENDANTS

28. Paragraphs 1 through 21 are incorporated herein by reference as though fully set forth.

29. Based on the above factual allegations, the Defendant Officers, through their actions, acting under the color of state law, violated Plaintiff's constitutional right to remain free from unreasonable seizures under the Fourth Amendment to the United States Constitution when the Defendant Officers arrested Plaintiff, took him into custody, and booked him into the Hennepin County Jail, all without a warrant and without probable cause to believe that Plaintiff had committed a crime.

30. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

## COUNT 4: BATTERY AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

31. Paragraphs 1 through 21 are incorporated herein by reference as though fully set forth.

32. Based on the above factual allegations, the Defendants battered Plaintiff. Specifically, the Defendant Officers engaged in intentional, offensive, and unpermitted contact with Plaintiff when they physically assaulted and injured him without justification.

33. Defendant City of Minneapolis is vicariously liable to Plaintiff for the Defendant Officers' battery.

34. As a direct and proximate result of this battery, Plaintiff suffered damages as aforesaid.

## RELIEF REQUESTED

**WHEREFORE, Plaintiff requests that this Court grant the following relief:**

a. Issue an order granting Plaintiff judgment against Defendants, finding that Defendants violated Plaintiff's constitutional rights under the First and Fourth Amendments to the United States Constitution and battered him and that Defendants are liable to Plaintiff for all damages resulting from these violations;

b. Award of compensatory damages to Plaintiff against all Defendants, jointly and severally;

c. Award of punitive damages to Plaintiff against all Defendants, jointly and severally;

d. Award of reasonable attorney's fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

e. Award of such other and further relief as this Court may deem appropriate.

**THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

THE LAW OFFICE OF ZORISLAV R. LEYDERMAN

Dated: August 21, 2014           By: s/ Zorislav R. Leyderman
                                 ZORISLAV R. LEYDERMAN
                                 Attorney License No. 0391286
                                 Attorney for Plaintiff
                                 The Law Office of Zorislav R. Leyderman
                                 222 South 9th Street, Suite 1600
                                 Minneapolis, MN 55402
                                 Tel: (612) 876-6626
                                 Email: zrl@ZRLlaw.com